Ms. Marshall, could I ask you to speak up just a little louder, please, thank you. I think the question here is twofold. We agree on what Evans v. Chavez said. It's the question of his application to Mr. Velasquez. I think we need to look first at did the California Supreme Court or did the state courts as a whole provide clear indication that they saw this petition as timely? We have two ways to do that. First, we have to look at the fact that the California Supreme Court issued a request for informal briefing, which is indeed highly unusual for them to take the time to do that. We briefed it fully and there was never any mention. They asked for briefing on the merits, and that's what I gave them. My opponent did argue other procedural bars, but did not mention timeliness at that point. Well, in particular, we have two intervals, do we not? 80 days in one case, and as I understand it, 91 days in the other. And typically, we look at 30 to 60 days as sort of the norm, and we do have a case that said 101 days is too long. So how do we sort all of that out? Well, we don't do this anymore. Of course, we do protective petitions since Evans came down, but Evans, all of my client's petitions were filed long before January of 2006. His last petition was filed in December of 2005 in the California Supreme Court, so he had no way of knowing. He had an actual innocence claim, which is very rarely found untimely in California anyway. My only concerns were the DEPA, you know, getting it through to federal court. I mean, if I filed the petition I filed for him now in the California Supreme Court, it would probably be, if it was more than a year after we got the declaration of Delilah Mejia, it probably would be seen as untimely. But even then, you know, under Clark, which is the Sacramento, California case on timeliness and miscarriage of justice, this kind of petition is not normally found untimely in California. How am I to understand our law as to timeliness? Obviously, California has an unusual procedure. I don't think the statutory drafters or adopters had any notions to what goes on in California when they did this. And California courts are quite generous in terms of what constitutes a timely habeas petition. What if we have clear indication from, say, the California Court of Appeal, after the superior courts rejected the habeas petition, that the Court of Appeal says this is timely, we decided on the merits, but a year elapsed between the time of the rejection by the superior court and the time of filing in the California Court of Appeal. If we have clear indication from the California Court of Appeal that the state habeas petition is timely, does that mean it's timely for purposes of ADPA? The superior court says it's not timely in the California case? No, the superior court rejects it on the merits. A year after the rejection by the superior court on the merits, there's a filing of a state petition for habeas in the California Court of Appeal. The California Court of Appeal unambiguously indicates that it's timely under California law and rejects it on the merits. For purposes of timeliness under ADPA, is that one-year gap too long? It would be too long if there weren't enough tolling days in between. We have to keep the, you know, as long as it's properly filed and pending, if they find it timely, then we're fine. But I think in this case, the question is whether the gap was too long and whether or not they found it timely. If they found it untimely, then we wouldn't be here at all. If they didn't find it untimely, they implicitly found it timely by ruling on it on the merits. I'm not sure that's the law under ADPA. That is to say, I think there may be a separate timeliness requirement coming out of ADPA, even for state petitions, that the state holds timely. Well, I would hope that if they found it timely, that Federal courts would still take it, because what all of this is really about is obstacles to keep us from getting to Federal court where we want to be, because we want to have our clients to have a second adjudication on these constitutional claims, especially where we have a constitutional claim combined with a national innocence claim. Okay. Well, I'll be interested in the State's answer to the same question I just asked. Okay. Do I deserve my time for rebuttal? You certainly may, Counsel. We'll hear from the State. Thank you. Good morning, Your Honors. Deputy Attorney General Susan Kim for Respondent. May it please the Court this morning. I do want to first respond to your Honor's question. Counsel, again, could I ask you to speak a little louder, please? All right, Your Honor. Thank you. I do want to start off by responding to Your Honor's question, but if I could ask you to I want to make sure I understood the question properly. So if I'm incorrect in the question, please feel free to correct or reiterate the question that you had posed to Petitioner's Counsel. I believe that my response to that question is that there's a separate inquiry for the Federal time on this issue of whether an interval, and in this case, it's 91 days and 80 days at two intervals, whether that interval is considered reasonable for purposes of tolling under the Federal statute under AEDPA, whether a State court, when it denies a habeas petition, whether that be the California Supreme Court or the California Court of Appeal or a county superior court, what they decide for purposes of their denial of the petitioner's petition, whether they say it's on the merits or whether they say it's untimely, that is a separate inquiry for State purposes, and that's based on the State cases, something like Henry Harris, Henry Clark, which have case law in California from 1993 or so, which is way before the petitions in this case were filed. So my position is those are two separate inquiries, although the Federal court will take into consideration and see what the State courts did deny, what the reasons were. The Federal cases, specifically Evans v. Chavis and I believe also Stafford v. Cary specifically, the Supreme Court has said you don't use that kind of merits-based determination as the absolute bellwether for determining the Federal inquiry of whether such an interval is timely or provides for gap tolling, statutory gap tolling for Federal habeas purposes. I don't know if that responds to Norah's question. That is responsive. There's something in Federal law, though, that says absent explanation. That is to say, you know, 60 days is fine. Maybe 90 days is a problem. Absent explanation. What constitutes a sufficient explanation such that 90 days or longer might be timely? When are you, if I just may clarify, are you referring to the explanation for the delay in filing the State habeas petition? Correct. Right. In under State law, there is case law such as Harris and Clark, which specifically say if Petitioner files a State habeas petition with substantial delay, then Petitioner has a duty to explain that delay in the State habeas petition for why there was such a delay of whatever period of time that may be. And in this case, just to point out in the record, in the two intervals we're talking about, we're talking about the intervals between the denial of the motion for reconsideration that was denied by the L.A. County Superior Court and the filing of the California Court of Appeal habeas petition. That interval was about 91 days, I believe. And so the second interval was 80 days, which was the denial of the California Court of Appeal, the petition there, and then the filing of the California Supreme Court habeas petition. So the two petitions at issue here for explaining the delay and why they were filed with those delays is the California Court of Appeal habeas petition and the California Supreme Court habeas petition. In neither of those habeas petitions at the State court level did Petitioner provide any reasons for the delay. There was nothing in the habeas petition, either one of them, that said I am delaying for this period of time because of whatever the reason may be, whether it's investigation or whatnot. Well, let me ask you this. I'm asking the question, not so much explanation of delay explaining to the California Court. I think there's a requirement or maybe an aspect of the judge-made law with respect to timeliness under EDFA that says 30 to 60 days is the interval that we think is about right for California. Longer might be all right if there is a sufficient explanation, might be all right under Federal law. Yes, Your Honor, that is correct, Your Honor. So my question then is, okay, what might constitute a sufficient explanation such that a 90-day delay would be permitted under Federal law on the assumption that the State court found it timely, which on the record here, I mean, I see an awful lot of these things. This looks like the State court considers it timely, although the State court doesn't say one way or the other. We see an awful lot of these State court things. Why is it not a sufficient explanation for purposes of Federal law that at the time of filing the State habeas petition, there was no particular reason to anticipate the tighter timelines under Federal law? I believe that even though the Federal inquiry is separate and there is that, what Your Honor has described, I think that still under State law, there was that duty to explain. That does not excuse Petitioner in this case from providing those reasons in the State habeas petitions. All of the two inquiries and analyses are different. I still believe that that duty to explain the delay under State law should be, should not be something that Petitioner does not have to do and is also a factor in analysis. Let me, let me interact because I think you're going off on a slightly different tangent. Do you contend that the State court rejected the petitions here because they were untimely? They did not make, they did not expressly say either way. In the two petitions that issued, just said Petitioner for habeas denied, and there was no specific language indicating that the State court, each of the State courts thought it was timely or untimely, so. The court, sorry. The court, of course, was silent in both cases. But what about the argument made by Ms. Marshall that at least in one of those rounds there was a request for supplemental briefing? Does that tell us anything? Oh, are you, the California Supreme Court hate this petition? Is that what Your Honor is referring to? That's true that they did request for briefing in that case, but. Well, you heard her argument, which was that is tantamount to regarding the filing as timely. Well, although we did do the briefing on the merits, there is language in, I believe it was Carey v. Staple that says a court may still deny a petition on the merits for a variety of reasons, even though it also believes that it's untimely. So I don't have the specific language. So that doesn't tell us anything. I believe given the language from that particular Carey v. Staple case, I don't believe that that is determinative of that issue. But the pattern of California Court of Appeal cases is that a 90-day delay, the courts ordinarily, I'm not sure I've ever seen a California habeas petition denied after 90 days as untimely. Have you ever seen one? I don't have a specific record of. To be honest, I don't know just offhand if I've seen one personally. But my position for this case is that it is still over 60 days, which is what the Supreme Court has said is typical of a 30- to 60-day period. But that's what the United States Supreme Court says, not federal law. I'm asking you a different question. And I think I've got your answer. I want to make sure everyone understands the question. And that is, I have never seen, and I'm asking you whether you have ever seen a state habeas petition that is denied by the state court because there's 90 days elapsed between the denial by the superior court and the filing in the California Court of Appeal. I do not have a specific answer to that because I don't, just from memory, I don't know, Your Honor. But if you would like me to provide supplemental briefing of some kind, just going through some of my, I can't answer that question right now. Okay. No, no. I mean, that's a fair answer. I just don't know, given, although I have handled many cases, that particular number I just can't remember from my hard work. Okay. So I apologize for that. No, no, no. That's not your fault at all. I'm just saying that my impression, my distinct impression is that if we're talking only California practice, that it would be very surprising for a California court of appeal or for the California Supreme Court to deny a state habeas petition merely because there was a 90-day lapse between the denial by the superior court and the filing in the court of appeal. Yes, I do understand, Your Honor's question. But like I said, I don't have the specific records currently attached to accurately answer that. Okay. Very well. Anything further, counsel? I don't have anything further as far as what it, I believe everything's been covered sufficiently in the briefing, and I think my time is almost up. But unless Your Honor's having specific questions. No further questions. Thank you, counsel. Ms. Marshall, you have some reserved time. Thank you, Your Honor. We did explain as best we could, and it also is apparent from the nature of our petition, that what we were doing was racing against the clock to try to find witnesses. There's two kinds of cases that really come across our desk that do this kind of work. One is where you have these nice, exhausted issues from state court, and you just turn them into a federal habeas petition. Others come to you, and you try to get a hearing. I mean, the purpose of this petition was to get a hearing in state court. I really thought I was going to get a hearing in state court, and the more evidence I gathered, the better chance I had. Is there anything in state practice that would preclude you from filing a petition and then supplementing it? Filing a state, what I do now, ever since evidence hadn't come down yet, I do a protective petition and ask for a stain of A and go ahead and do it. What is your rule of thumb? Thirty days? Sixty days? Once I file that protective petition, it's really up to the judge. No, no, no. You indicated what your own policy is, and I'm just kind of curious. Within what period do you file your protective petition? I usually file it as soon as I know that I have other state claims that I know are not going to be exhausted within the DEPA one-year limitation. Because some superior court judge could just come along and say it's untimely because it didn't happen the day before trial. It doesn't mean to do what he's doing. They don't understand when it didn't happen. All right. Well, back to this case. There are six days that are at issue here, and the two periods that we're looking at are the 80-day gap and the 91-day gap. As to between the 80 and the 91, which is your strongest claim? Which is the one that we should say, well, we can say the 90-day or the 80-day because of whatever the circumstances are. Which is your strongest claim? I can't say because they were the same. I came so close to getting more witnesses, and they would kick me naked, and they wouldn't meet the investigator. It would go on and on and on, as these things do. I mean, the first two, prior to the superior court, we had nobody until we got Cesar Cantone and Brian Hogueen, the two men from the getaway car. Of course, we have to be concerned with what's in the record of this case. It's in there. As an explanation for the delay? I believe it's in your briefing and in the district court briefing and in the California Appellate Court. In the California Supreme Court, we explained that we had this ongoing investigation going and that we had just found so-and-so and so-and-so. But then when we – it wasn't until actually almost a year after filing in the California Supreme Court that we found the witness that caused them to issue the request for briefing, the one that actually could say that the person that testified at trial was lying. It was her mother, Delilah Mahe's mother. So that was – we still have one other goal we haven't accomplished, and if so, if we were in federal court, we could have met, but we're still trying to talk to Benavides, the eyewitness. All right. And she might come around. Very well. Just ask the court to give Mr. Velasquez a chance at having his or her in the merits. All right. Thank you, counsel. The case just argued will be submitted for decision, and we will move next to the case of Gutierrez v. The State of California.
judges: O'scannlain, Fletcher W. , Clifton